UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DAMIEN LOVICH,

    Plaintiff,

v.

THE TILE SHOP, LLC,

    Defendant.

## COMPLAINT AT LAW

Plaintiff Damien Lovich ("Lovich") for his Complaint at Law against Defendant The Tile Shop, LLC ("Tile Shop" or "Company"), states as follows:

1. This action is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the Illinois Minimum Wage Law, 820 Ill. Comp. Stat. 105/1 *et seq.*, ("IMWL") for Tile Shop's failure to pay overtime wages to Lovich.

## JURISDICTION AND VENUE

2. This court has jurisdiction of this action under the provisions of the FLSA pursuant to 29 U.S.C. § 216(b), and 28 U.S.C. § 1331. This court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

3. The unlawful employment practices described herein were committed at Tile Shop's facility located in Lake Zurich, Illinois. Accordingly, venue in the Northern District of Illinois is proper pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4. Lovich is currently employed by the Company at its Lake Zurich, Illinois store.

5. The Tile Shop is engaged in the do-it-yourself construction industry, which includes selling tiles and other materials for residential construction projects. The Company has multiple locations throughout the United States, including in Lake Zurich, Illinois.

## FACTUAL ALLEGATIONS

6. Lovich has been employed by Tile Shop as a non-exempt warehouse employee since on or about August 4, 2008.

7. Throughout his employment the Company has misclassified Lovich as an exempt employee, and paid him on a salary basis.

8. Lovich was required to, and did, work in excess of forty (40) hours per week.

9. Lovich is entitled to be paid overtime for any hours worked in excess of forty (40) per week.

10. Tile Shop failed to pay overtime to Lovich for all weeks in which he worked in excess of forty (40) hours.

11. The Company was aware of its obligation to pay employees overtime, and intentionally chose not to pay Lovich accordingly. Tile Shop acted in bad faith in failing to properly compensate Lovich for the work he performed.

12. This failure to compensate Lovich for his work constitutes wage theft, deprives the United States of needed tax revenue, and undermines free enterprise by placing the Company at an unfair competitive advantage.

## COUNT I – FAIR LABOR STANDARDS ACT

13. Plaintiff incorporates Paragraphs 1 – 12 as though fully set forth herein.

14. This Count arises from Tile Shop's violation of the FLSA, 29 U.S.C. § 207, for the Company's failure to pay Lovich for all hours worked in excess of forty (40) per workweek.

15. Pursuant to 29 U.S.C. § 207, for all weeks during which Lovich worked in excess of forty (40) hours, he was entitled to be compensated at the overtime rate of one and one-half times his normal hourly rate of pay.

16. The Company failed to pay Lovich the overtime rate for hours worked in excess of forty (40) per work week.

17. Tile Shop knew, or should have known, of the requirements of the FLSA.

18. Tile Shop willfully failed to pay Lovich overtime for hours worked in excess of forty (40) per work week, despite the fact that it knew, or should have known, of the requirements of the FLSA.

19. Tile Shop had a pattern of deliberate, intentional, and willful violation of the FLSA.

20. In failing to pay Lovich overtime, the Company's acts were not based upon good faith or reasonable grounds.

WHEREFORE, Plaintiff Damien Lovich respectfully requests that this Court enter an order as follows:

    a) Awarding judgment for back pay equal to the amount of all unpaid wages for the three (3) years preceding the filing of this Complaint, according to the applicable statute of limitations for willful violations of the FLSA;

    b) Awarding liquidated damages in an amount equal to the amount of unpaid overtime compensation found due pursuant to 29 U.S.C. § 216(b);

    c) Awarding prejudgment interest with respect to the amount of unpaid overtime compensation;

    d) Awarding reasonable attorneys' fees and costs incurred in filing this action;

    e) Entering an injunction precluding Defendant from violating the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*; and

    f) Ordering such other and further relief as the Court deems appropriate and just.

## COUNT II – ILLINOIS MINIMUM WAGE LAW

21. Plaintiff incorporates Paragraphs 1 – 20 as though fully set forth herein.

22. The matters set forth in this Count arise from Tile Shop's violations of the overtime compensation provision of the IMWL, 820 Ill, Comp. Stat. 105/4(a).

23. Lovich was an employee of Tile Shop who was not paid overtime wages under the IMWL, 820 Ill. Comp. Stat. 105/1 *et seq.*, during his employment with the Company. Lovich brings this action pursuant to 820 Ill. Comp. Stat. 105/12(a).

24. At all relevant times herein, Tile Shop has been an "employer" as defined in the IMWL, 820 Ill. Comp. Stat. 105/3(c).

25. At all relevant times, Lovich was employed by the Company as an "employee" within the meaning of the IMWL, 820 Ill. Comp. Stat. 105/1 *et seq.*

26. Pursuant to 820 Ill. Comp. Stat. 105/4(a), for all weeks during which Lovich worked in excess of forty (40) hours, he was entitled to be compensated at one and one-half times his normal hourly rate of pay for his excess hours.

27. Tile Shop failed to pay wages at the overtime rate to Lovich for all hours worked in excess of forty (40) per work week.

28. Tile Shop violated the maximum hours provision of the Illinois Minimum Wage Law, 820 Ill. Comp. Stat. 105/4(a), by refusing to compensate Lovich at the overtime rate for all hours worked in excess of forty (40) hours per week.

29. Pursuant to 820 Ill. Comp. Stat. 105/12(a), Lovich is entitled to recover unpaid wages for three years prior to the filing of this suit, plus statutory damages in the amount of two percent (2%) per month of the amount of underpayments.

WHEREFORE, Plaintiff Damien Lovich respectfully requests that this Court enter an order as follows:

    a)    Awarding judgment in an amount equal to all unpaid back pay owed to Lovich pursuant to the IMWL;

    b)    Awarding prejudgment interest on the back pay in accordance with 815 Ill. Comp. Stat. 205/2;

    c)    Awarding statutory damages pursuant to the formula set forth in 820 Ill. Comp. Stat. 105/12(a);

    d)    Awarding reasonable attorneys' fees and costs incurred in filing this action;

    e)    Entering an injunction precluding Defendant from violating the Illinois Minimum Wage Law, 820 Ill. Comp. Stat. 105/1 et seq.; and

    f)    Ordering such other and further relief as this Court deems appropriate and just.

Dated: July 15, 2011

Respectfully submitted,

DAMIEN LOVICH

Alejandro Caffarelli, #06239078
Bradley Manewith, #06280535
Caffarelli & Siegel Ltd.
Two Prudential Plaza
180 North Stetson Ste. 3150
Chicago, IL  60601
Tel. (312) 540-1230
Fax (312) 540-1231

By: /s/ Alejandro Caffarelli
     Attorney for Plaintiff